MEMORANDUM **
Robert W. Hall appeals pro se from the district court’s judgment dismissing his action under Federal Rule of Civil Procedure 41(b), and from several underlying orders. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal under Rule 41(b), Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir.1999), and we review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1156 (9th Cir.2007). We may affirm on any ground supported by the record. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir.2001). We affirm in part, vacate in part, and remand.
The district court dismissed the first amended complaint for lack of standing and granted thirty days leave to amend. When Hall failed to amend, the district court dismissed the action. We construe the district court’s dismissal as a dismissal under Rule 12(b) rather than a sanction under Rule 41(b).
To the extent that Hall sought relief concerning defendants’ imposition of the reserve assessment, we conclude that he had Article III standing because defendants allegedly demanded payment from him and he paid the assessment. See Alaska Right to Life Political Action Comm. v. Feldman, 504 F.3d 840, 848 (9th Cir.2007) (elements of standing).
*623 We nonetheless affirm dismissal of the 42 U.S.C. § 1983 claims because the first amended complaint fails to state a claim against defendants. See Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 841 (9th Cir.1999) (explaining that “governmental compulsion in the form of a generally applicable law, without more” is insufficient to deem a private entity a state actor).
We vacate the judgment as to the state law claims and remand for the district court to determine whether to decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c)(3).
Hall’s remaining contentions are unpersuasive.
The parties shall bear their own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.